No. 58,296

In the Matter of EDWARD H. POWERS, JR., *Respondent.*

(720 P.2d 668)

Opinion filed June 13, 1986.

*Roger N. Walter,* disciplinary counsel, argued the cause and was on the brief for petitioner.

*John H. Fields,* of Carson & Fields, of Kansas City, argued the cause and was on the brief for respondent.

*Per Curiam*: Arno Windscheffel, Disciplinary Administrator, filed a complaint with the Board for Discipline of Attorneys (Board) against Edward H. Powers, Jr., an attorney admitted to the practice of law in Kansas, alleging Mr. Powers had neglected a legal matter entrusted to him. At a hearing before a panel of the Board, evidence was presented in support of the complaint and respondent presented evidence in his behalf.

The panel found respondent had been retained by Benjamin Wakefield, in 1981, to institute a divorce proceeding. A major issue in the trial thereon was the validity of a separation agreement executed in Virginia. The panel found respondent ably represented Mr. Wakefield in the trial of the case. In September of 1982, the Wyandotte County District Court set aside the settlement agreement and awarded Mrs. Wakefield certain rights, property, and child support. Mr. Wakefield was dissatisfied with this judicial decision and requested that respondent file an appeal therefrom.

Respondent filed a motion for a new trial which was denied. Respondent filed a notice of appeal in November 1982. Mr. Wakefield was serving as a captain in the United States Army at this time and was stationed in Arizona. Mr. Wakefield testified he communicated several times thereafter with respondent and was continuously led to believe that the appeal was proceeding in an orderly manner. In fact, the only formal activity on the appeal was the filing of the notice of appeal itself. Post-trial motions were filed by the parties, respectively, to increase and decrease the child support. Hearing was had on these motions on September 21, 1983. At that time, the district judge, pursuant to Supreme Court Rule 5.051 (235 Kan. lxvii), dismissed the appeal for failure to perfect the appeal.

The facts as above set forth are not in dispute. Respondent admitted to the panel that he was the attorney of record in the appeal and that he had "messed up the appeal." His reason as to why this happened was that he had turned the appeal over to Warren Sapp, who was working in respondent's office. Mr. Sapp was, at all times pertinent, licensed to practice law in Missouri but had never been admitted to practice in Kansas. Respondent further testified that he had confidence in Sapp and was assured by Sapp that the Wakefield appeal was proceeding in an orderly manner.

The panel found that there was clear and convincing evidence that respondent had neglected a legal matter entrusted to him in violation of DR 6-101(A)(3) (235 Kan. cxlvii) and recommended that respondent be disciplined by public censure.

Respondent filed exceptions herein contending: (1) the facts as found by the Board do not constitute neglect of a legal matter; and (2) even if his conduct did constitute neglect of a legal matter, the recommendation of discipline by public censure is too severe.

DR 6-101(A)(3) provides:

"(A) A lawyer shall not:

. . . .

(3) Neglect a legal matter entrusted to him."

In his claim that the finding of neglect was improper, respondent relies heavily on *State v. Dixon*, 233 Kan. 465, 664 P.2d 286 (1983), wherein we held:

"Neglect involves indifference and a consistent failure to carry out the obligations which the lawyer has assumed to his client or a conscious disregard for the responsibility owed to the client. The concept of ordinary negligence is different. Neglect usually involves more than a single act or omission. Neglect cannot be found if the acts or omissions complained of were inadvertent or the result of an error in judgment made in good faith." Syl. ¶ 2.

Respondent contends the petitioner State did not meet its burden of proof "to prove that Respondent was conscious of what was going on as far as Sapp was concerned and Sapp's failure to carry out the responsibility he had been given." Carried to the extreme, this argument would result in an attorney being able to defeat neglect charges by simply stating he had forgotten about a case. The impossible burden would be on the petitioner to show the attorney had not forgotten the matter and was, at all times, conscious of what he or she should be doing.

This would expand the concept of neglect into requiring a showing of intentional wrongdoing.

Respondent was the attorney of record in the appeal and responsible therefor. Mr. Sapp could not sign pleadings and any work he performed on appeal was subject to supervision by respondent. Apparently, the appeal was never docketed. The docketing statement in the appeal was required to be filed 21 days after filing the appeal. The docketing statement would have to be signed by respondent and certainly should have been reviewed by him prior to filing. Apparently, no transcript was ordered. Obviously, no brief was filed. Respondent certainly should have been aware of the steps required by Kansas appellate procedure and that the required steps were not being taken. Nevertheless, respondent wholly failed to see that the work was being done and continued to lead his client to believe that the appeal was proceeding in an orderly manner.

Clearly, the record supports the panel's finding respondent neglected a legal matter entrusted to him.

Respondent also argues that the neglect of a single appeal does not constitute a violation of DR 6-101(A)(3). We do not agree. In *State v. Dixon*, 233 Kan. 465, relied on by respondent in the previous point, we went on to recognize an attorney's pattern of conduct in the case of a single client can amount to violation of DR 6-101(A)(3). In *In re Waite*, 237 Kan. 626, 702 P.2d 1381 (1985), an attorney's failure to file a brief in an appeal resulting in the dismissal of the appeal was held to be a violation of DR 6-101(A)(3). We find respondent's argument on this point unpersuasive.

Finally, respondent argues the recommended discipline of public censure is too harsh. We have carefully considered the arguments made by respondent in this regard, including the panel's finding respondent had ably represented this same client at the trial court level, and his lack of prior disciplinary complaints. The fact remains that, through respondent's neglect of a legal matter entrusted to him, his client's right of appeal was lost.

The Court, having considered the record herein, concurs in the findings, conclusions and recommendations of the Board.

IT IS THEREFORE BY THE COURT ORDERED that Edward H. Powers, Jr., be and he is hereby disciplined by public censure and the costs of this proceeding are assessed to the respondent.